## GEORGE LEWIS v. THE STATE.

No. 14078. Delivered March 25, 1931.

The opinion states the case.

*Carl T. Harper,* of Madisonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape upon a female under the age of eighteen years; penalty assessed at confinement in the penitentiary for a period of five years.

The proof is evident that the prosecutrix was under eighteen years of age on the 28th day of April, 1929. According to her testimony, the prosecutrix was riding with the appellant and was assaulted by him. In her direct testimony, she makes out a case of rape by force. Upon that character of rape her cross-examination develops an issue of fact because of her failure to make outcry and report the occurrence and by her admission of subsequent acts of intercourse with the accused. The verdict settled the question in favor of the State.

The appellant introduced no testimony save that which bore upon his application for a suspended sentence.

The only bill of exception contained in the record reads as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, after the court had prepared its charge and before same was read to the jury, defendant in open court excepted to paragraphs Nos. 5, 6 and 7, and offered special charge No. 1, which was by the court overruled, to which the defendant in open court excepted, because defendant's contention being that paragraphs Nos. 6 and 7 of the court's general charge do not contain the law applicable to the facts in the (case) on trial."

The exception is too general to require review. The statute requires that objections to the court's charge be specific in pointing out the grounds of complaint. See Art. 658, C. C. P., 1925.

The indictment was returned January 17, 1930, and laid the date of the offense as of the 6th day of October, 1929. The first act of intercourse took place on April 28, 1929. The complaint of Paragraphs 6 and 7 of the court's charge is framed upon the idea that if, on the date laid in the indictment, the prosecutrix was unchaste, there could be no conviction. The contention is unsound. See Branch's Ann. Tex. P. C., Sec. 439, and cases collated, among them, Johnson v. State, 1 Texas App., 118. The prosecution relied upon the act of April 28, 1929,

shown by the evidence to have been the first act of intercourse, and the record is bare of any evidence that prior to April 28, 1929, the prosecutrix was unchaste. A like contention was made in a special charge presented by the accused, to the refusal of which exception is reserved. We have perceived no evidence in the record to the effect that the prosecutrix was unchaste prior to her first act of intercourse with the appellant.

The judgment is affirmed.

*Affirmed.*